1  William D. Bowen (SBN 254398)
   wbowen@economyofmind.com
2  LAW OFFICES OF WILLIAM D. BOWEN
3  631 Caleb Street
   Glendale, CA 91202
4  Telephone: 213.761.4332
5  Facsimile: 213.402.8145

6  Attorneys for Ashwin Khobragade

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHWIN KHOBRAGADE, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>COVIDIEN LP, a Delaware limited partnership,<br><br>          Defendant. | Case No.: **'16CV0468 WQHNLS**<br><br>**COMPLAINT FOR:**<br><br>1. **Breach of Contract**<br>2. **Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(c))**<br>3. **Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(d))**<br>4. **Promissory Estoppel**<br>5. **California Whistleblower Protection Act (Cal. Labor Code § 1102.5)**<br>6. **Intentional Infliction of Emotional Distress**<br>7. **Negligent Infliction of Emotional Distress**<br>8. **Fraud**<br><br>**REQUEST FOR JURY TRIAL**<br><br>**Trial Date: None** |

Plaintiff Ashwin Khobragade, by and through his attorneys of record, Law Offices of William D. Bowen, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the causes of action in this complaint by virtue of:

(A) federal question jurisdiction pursuant to 28 U.S.C. § 1331, involving an action pursuant to 18 U.S.C. § 1964(c), the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332;

(B) diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1), involving an action between citizens of diverse states with an amount in controversy in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs;

(C) supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), involving claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article Ill of the United States Constitution; and

2. This Court has jurisdiction over the person of the Defendant because Defendant transacts business within this judicial district, and Defendant is amenable to service of process within the meaning of Federal Rule of Civil Procedure Rules 4(e), 4(f), and 18 U.S.C. § 1965(b).

3. Venue is proper in this district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendant transacts business in this district or, alternatively, this district is where a substantial part of the events or omissions giving rise to the claim occurred.

//
//
//

## THE PARTIES

4. Plaintiff ASHWIN KHOBRAGADE ("Plaintiff") is a resident of Newark, New Jersey.

5. Defendant COVIDIEN, LP ("Covidien" or "Defendant") is, on information and belief, a Delaware limited partnership with a place of business at 15 Hampshire Street, Mansfield, MA 02048. It is licensed to do business in California.

6. Plaintiff is informed and believes, and on that basis alleges, that the Defendant participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

## GENERAL ALLEGATIONS

7. In 2009, Plaintiff was offered employment as an R&D Engineer by Defendant Covidien.

8. In May of 2009, Defendant sent a letter in support of an H-1B visa for Plaintiff, stating he would be a Senior Research Engineer.

9. Plaintiff's H-1B visa was approved in August of 2009.

10. In June 2009, Defendant arrived in Chicopee, Massachusetts and began working for Defendant as a Research Engineer.

11. In June 2011, Defendant informed Plaintiff that no large projects in Massachusetts remained. Plaintiff was asked to relocate to San Diego to a larger facility with more advanced and varied products.

12. Plaintiff immediately asked for a raise as San Diego has a higher cost of living than Chicopee.

13. Plaintiff was told by his manager that he would definitely receive a raise.

14. Plaintiff was told in August 2011 to look for housing in San Diego.

15. Plaintiff traveled to San Diego, CA in August 2011 to look for housing with the manager at Covidien (the "Manager") and his wife.

16. While on that trip, he was shown what he was told was Covidien's San Diego offices from a distance by the Manager and his wife.

17. Because the apartments were very expensive, Plaintiff asked the Manager if he would be given a raise when he arrived.

18. In response to Plaintiff's query, the Manager told him he would be given a raise.

19. In September of 2011, the Massachusetts projects were closed down.

20. Plaintiff relocated to San Diego, CA in September of 2011.

21. On his first day of work in October 2011, Plaintiff was informed that he would need to temporarily work in Mexico because currently the San Diego offices consisted only of a conference room. Plaintiff was told that additional office space would be added.

22. Plaintiff was taken that day by a representative of the company to get work authorization documents for Mexico. He was given a sixth month visitor visa.

23. Plaintiff was not thereby authorized to work in Mexico.

24. Plaintiff was repeatedly told that the company would soon have office space in San Diego during October 2011. Nevertheless, he still had to cross the border daily to work at Covidien's facilities in Tijuana, Mexico.

25. By November 2011, the Plaintiff's relocation money had run out. He asked again repeatedly for the raise he had been promised as well as the office space.

26. Plaintiff never worked in San Diego, CA. The entire time Plaintiff worked for Covidien, he had to daily cross the border into Tijuana—where he did not feel safe as he was often pulled over. The often lengthy process of crossing the

border also took a significant amount of time and added a great deal of stress and mental anguish. Initially, he crossed the border on foot, which was very stressful.

27. Plaintiff was not offered a permanent office space in the offices in Tijuana, and was daily assigned a new place to work. Because he did not have a steady office, Plaintiff was forced to move from space to space, taking his things in a plastic bag.

28. The Labor certification for Plaintiff's H-1B visa expired on January 31, 2012.

29. The Defendant hired counsel from Canada to represent both themselves and the plaintiff in business immigration matters in February 2013.

30. The company did not apply for the extension of H-1B I-797 and the New Labor Certification until April 13, 2012.

31. These applications listed Plaintiff's place of employment as Chicopee, MA.

32. They listed the prevailing wage as $65,936.00.

33. Prevailing wage takes geography into account. On information and belief, the prevailing wage at Plaintiff's actual residence in San Diego significantly exceeded the wage represented to USCIS in the labor certification.

34. On April 26, 2012, Plaintiff received an H-1B I-797 approval and extension from September 1, 2012 to August 30, 2015.

35. During early and middle spring of 2012, Plaintiff continued to ask for a raise.

36. During a conference call with a company attorney, Plaintiff was informed that his employment was at will and could be terminated at any time. He was also told during this call that he would not be receiving a pay increase.

37. In July of 2012, Covidien amended Plaintiff's status with USCIS. They informed the agency that he was now working in San Diego and not in Massachusetts. In fact, he was still working in Mexico.

38. In September 2012, Plaintiff was fined for insubordination and required to sign documents stating that he perform his duties according to the directions of his manager.

39. Plaintiff was placed under a performance improvement plan that would require him to meet impossible goals.

40. Under this improvement plan, he was given several "not able to meet the mark" letters.

41. Plaintiff was repeatedly harassed with questions and comments trying to induce him to move to Mexico.

42. Plaintiff was directly threatened and intimidated with deportation if he continued to ask for a pay raise and promotion.

43. Plaintiff was terminated by Covidien on February 19, 2013.

44. In summer of 2013, Plaintiff changed his residence from California to New Jersey.

45. Plaintiff was not apprised of Defendant's fraudulent misrepresentations to USCIS until 2015 when he finally gained access to his immigration information.

## FIRST CLAIM FOR RELIEF

**(Against All Defendants for Breach of Contract –**

**Cal. Civil Code § 45, *et seq.*)**

46. Plaintiff restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-45, above, as if set forth fully herein.

47. Plaintiff and Defendant entered into a contract that Defendant would pay Plaintiff commensurate with his qualifications and duties, provide him a pay raise allowing him to live where he was relocated, and work in San Diego, CA.

48. Plaintiff did all or substantially all, or substantially all, of the significant things that the contract required him to do, or was excused from doing those things.

49. All conditions required by the contract for Defendant's performance occurred or were excused.

50. Defendant failed to pay him commensurate with his duties and qualifications, or provide him with a pay raise. They also forced him to work in Tijuana, Mexico, which is far more dangerous than San Diego, CA, and required him to cross the border several times a week.

51. Plaintiff is informed and believes, and based thereon alleges, that Defendant intentionally breached its contractual duties.

52. As a direct and proximate result of the Defendant's wrongful conduct, as alleged herein, Plaintiff has suffered damages. The extent of such damage is presently unascertained.

53. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately breached its promises to pay him commensurate with his duties and qualifications, give him his promised pay raise, and give him office space in San Diego, CA.

54. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, suffering severe mental, emotional, and physical, mental, and emotional distress, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(c))**

55. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

56. Defendant committed extortion under 18 U.S.C. § 1961(1) by threatening Plaintiff with deportation if he continued to ask for a promotion with a pay raise. Defendant was engaged in threatening behavior to deprive Plaintiff of promised property in the form of increased pay.

57. Defendant made false statements to USCIS regarding Plaintiff's place of employment and job title, which is a violation of 18 U.S.C. § 1546.

58. Defendant violated 18 U.S.C. § 1546 by procuring only a Mexican visitor visa instead of work authorization and then forcing Plaintiff to work in Mexico.

59. Defendant solicited foreign labor within the United States on false pretenses as Plaintiff was led to believe that he would be working in San Diego and not Tijuana for more money than he was given, violating 18 U.S.C. § 1351(a).

60. The above violations were made in furtherance of financial gain for the company.

61. A corporation, like Covidien, constitutes an enterprise under U.S.C. § 1961(4).

62. The above violations, the predicate acts constitute a pattern of racketeering activity.

63. The above conduct caused injury to Plaintiff's property and business. It made it difficult for him to seek other work, caused him severe emotional distress and caused him lost income in that he expected to be paid more money, but was not.

64. Covidien had discernable structure apart from the predicate acts. It was a for profit company in the medical industry.

65. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately retained monies owed to Plaintiff.

66. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof at trial.

### THIRD CLAIM FOR RELIEF

**(Against All Defendants, Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d))**

67. Covidien knowingly agreed to facilitate a scheme that included the operation of a RICO enterprise.

68. The conspiracy was intracorporate.

69. Covidien had a discernable structure apart from the predicate acts. It was a for profit company in the medical industry.

70. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately retained monies owed to Plaintiff.

71. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof.

### FOURTH CLAIM FOR RELIEF

**(Against All Defendants for Promissory Estoppel**
*Laks v. Coast Fed. Sav. & Loan Assn.*, **60 Cal. App. 3d 891 (1976))**

72. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

73. The defendants made a promise of a pay raise sufficient to live in San Diego, CA, and that defendant would work in San Diego in clear and unambiguous terms.

74. Plaintiff relied upon the promise made. He moved to San Diego and rented an apartment. He also continued to work for Defendant.

75. Said reliance was both reasonable and forseeable.

76. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately induced reliance upon promises for a pay raise and office space that they then did not keep.

77. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, suffering severe mental, emotional, and physical, mental, and emotional distress, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

**(Against All Defendants for California Whistleblower Protection Claim, California Labor Code §1102.5(b))**

78. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

79. On information and belief, Defendant retaliated against Plaintiff by firing him when they believed that he might report various offenses to various government agencies.

80. Plaintiff believed that the information he was planning to report was a violation of both state and federal laws and regulations.

81. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately terminated Plaintiff in retaliation for planning to report to government agencies.

82. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, suffering severe mental, emotional, and physical, mental, and emotional distress, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof.

## SIXTH CLAIM FOR RELIEF

**(Against All Defendants for Intentional Infliction of Emotional Distress**
*Hughes v. Pair*, **46 Cal.4th 1035, 1050 (2009))**

83. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

84. Defendant's conduct was outrageous. Covidien and/or its employees, agents, and managers asked Plaintiff to repeatedly cross the border into a dangerous part of an already dangerous city. They set performance standards that were impossible to meet. They threatened him with termination if he continued to ask for a pay raise he had already been promised. They falsified documents to the United States Government and also defrauded the Mexican government.

85. Defendant intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

86. Plaintiff suffered severe emotional distress.

87. Defendant's conduct was a substantial factor in causing Plaintiff severe emotional distress.

88. The acts of Defendant, as described herein, were willful and malicious in that Defendant intentionally and deliberately caused Plaintiff severe emotional distress.

89. As a result of the above-described conduct by Defendants, Plaintiff has been damaged in an amount to be proven at trial.

90. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited to losing pay that was promised and expected, suffering severe mental, emotional, and physical, mental, and emotional distress, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof at trial.

## SEVENTH CLAIM FOR RELIEF

**(Against All Defendants for Negligent Infliction of Emotional Distress)**

91. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

92. Defendant's conduct was outrageous and an ordinary man would be unable to cope with the distress caused thereby. Covidien and/or its employees, agents, and managers asked Plaintiff to repeatedly cross the border into a dangerous part of an already dangerous city. They set performance standards that were impossible to meet. They threatened him with termination if he continued to ask for a pay raise he had already been promised. They falsified documents to the United States Government and also defrauded the Mexican government.

93. If Defendant's actions were not intentional, Defendant was at least negligent in its actions, causing Plaintiff to suffer severe emotional distress.

94. Defendant's conduct was a substantial factor in causing Plaintiff severe emotional distress.

95. As a result of Defendant's bad acts, Plaintiff was severely damaged including but not limited suffering severe mental, emotional, and physical, mental, and emotional distress, and other damages. Plaintiff's damages were severe and extensive, resulting in losses to Plaintiff in an amount according to proof.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants for Fraud,
### Cal. Civil Code §§ 1572, 1709, and 1710)

96. Plaintiff repeats and realleges the averments contained in paragraphs 1-45 as though fully set forth herein.

97. Defendant represented to Plaintiff that his visa was in order and that he was being paid commensurate with what was on his visa, that he would be given a pay raise, and that he would be able to work in San Diego.

98. Defendant's representation was false. Plaintiff's visa was not in order, and he faced deportation and other harms if this were discovered. Plaintiff was never given a pay raise and was never given office space in the United States after relocating.

99. Defendant either knew that the representation was false when it was made, or alternatively, that it made the representation recklessly and without regard for its truth. Defendant knew that the representations made on the Visa applications were false. Defendant recklessly promised increased pay and office space in the United States.

100. Defendant intended that Plaintiff rely on the representation. Defendant intended for Plaintiff to move to San Diego and to continue to work for Defendant.

101. Plaintiff reasonably relied on Defendant's representation.

102. Plaintiff was harmed by reliance on Defendant's representation. Plaintiff suffered emotional distress from frequent border crossings and the

-12-
COMPLAINT

1 | dangerous neighborhood his office was in. Plaintiff also lost out on income he was
2 | promised.
3 |     103. Plaintiff's reliance on Defendant's representation was a substantial
4 | factor in causing his harm.
5 |     104. The acts of Defendant, as described herein, were willful and malicious
6 | in that Defendant intentionally and deliberately defrauded Plaintiff in promising to
7 | pay him commensurate with his duties and qualifications, give him his promised
8 | pay raise, and give him office space in San Diego, CA.
9 |     105. As a result of Defendant's bad acts, Plaintiff was severely damaged
10 | including but not limited to losing pay that was promised and expected, suffering
11 | severe mental, emotional, and physical, mental, and emotional distress, and other
12 | damages. Plaintiff's damages were severe and extensive, resulting in losses to
13 | Plaintiff in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining Defendant, its officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from and further violation of 18 U.S.C. §§ 1961 *et seq.*;

2. For compensatory damages according to proof;

3. For an award of treble damages pursuant to 18 U.S.C. § 1964;

4. For attorneys' fees pursuant to 18 U.S.C. § 1964 or as otherwise provided by law;

5. For punitive and exemplary damages pursuant to Cal. Civil Code § 3294 or as otherwise provided by law;

6. For applicable civil penalties of up to $10,000 for each violation of the California Whistleblower Protection Act;

7. For an award of costs of suit;

8. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

9. For such other and further relief as the Court deems just and proper.

Dated:  February 19, 2016          Respectfully submitted,

LAW OFFICES OF WILLIAM D. BOWEN

By: ____/William D. Bowen/_____
         William D. Bowen

Attorneys for Plaintiff Ashwin Khobragade

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Dated: February 19, 2016

Respectfully submitted,

LAW OFFICES OF WILLIAM D. BOWEN

By: ____/William D. Bowen/_____
       William D. Bowen

Attorneys for Plaintiff Ashwin Khobragade