DENISE M. VISCONTI, Bar No. 214168
dvisconti@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

Attorneys for Defendant
COVIDIEN LP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWIN KHOBRAGADE, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>COVIDIEN LP, a Delaware limited partnership,<br><br>        Defendant. | Case No. 16cv0468 WQH NLS<br><br>HON. WILLIAM Q. HAYES<br><br>**DEFENDANT COVIDIEN LP'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Dept: 14B<br><br>Trial Date: Not Set |

Defendant COVIDIEN LP ("Defendant") answers Plaintiff ASHWIN KHOBRAGADE's ("Plaintiff") Complaint ("Complaint") as set forth below:

## **JURISDICTION AND VENUE**

1. Answering the allegations of Paragraph 1 of the Complaint, the allegations are jurisdictional and/or legal conclusions and as such require no response. However, to the extent a response is required, Defendant admits that claims under the federal Racketeer Influenced and Corrupt Organizations Act are within this Court's original subject matter jurisdiction and that claims so related thereto that they form part of the same case or controversy are within this court's supplemental jurisdiction. Except as specifically admitted, Defendant denies Paragraph 1 in its entirety.

2. Answering the allegations of Paragraph 2 of the Complaint, the allegations are jurisdictional and/or legal conclusions and as such require no response.

However, to the extent a response is required, Defendant admits that this Court has personal jurisdiction over Defendant. Except as specifically admitted, Defendant denies Paragraph 2 in its entirety.

3. Answering the allegations of Paragraph 3 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant admits that it does business within the venue of this Court and that the Complaint alleges conduct occurring within this District.

## THE PARTIES

4. Answering the allegations of Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies Paragraph 4 in its entirety.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendant admits that it is a Delaware limited partnership, has a place of business at 15 Hampshire Street in Mansfield, MA, and is licensed to do business in California. Except as specifically admitted, Defendant denies Paragraph 5 in its entirety.

6. Answering the allegations of Paragraph 6 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 6 in its entirety.

## GENERAL ALLEGATIONS

7. Admitted.

8. Answering the allegations of Paragraph 8 of the Complaint, the allegations pertain to a written document, which speaks for itself, and as such require no response. However, to the extent a response is required, Defendant admits that by it sent a letter dated May 14, 2009, in support of Plaintiff's H-1B Nonimmigrant Petition requesting a change of employer and extension of stay so that Plaintiff could serve as a Senior Research Engineer for Defendant. Except as specifically admitted, Defendant denies Paragraph 8 in its entirety.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

admits Plaintiff's H-1B visa was approved in August 2009.   Except as specifically admitted, Defendant denies Paragraph 9 in its entirety.

10.   Answering the allegations of Paragraph 10 of the Complaint, Defendant admits that Plaintiff was hired to work as a Senior R&D engineer in Chicopee, Massachusetts, with a start date of June 1, 2009.   Except as specifically admitted, Defendant denies Paragraph 10 in its entirety.

11.   Answering the allegations of Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies Paragraph 11 in its entirety.

12.   Answering the allegations of Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies Paragraph 12 in its entirety.

13.   Answering the allegations of Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies Paragraph 13 in its entirety.

14.   Answering the allegations of Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies Paragraph 14 in its entirety.

15.   Answering the allegations of Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies Paragraph 15 in its entirety.

16.   Answering the allegations of Paragraph 16 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies Paragraph 16 in its entirety.

17.   Answering the allegations of Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies Paragraph 17 in its entirety.

18.   Answering the allegations of Paragraph 18 of the Complaint, Defendant

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  lacks knowledge or information sufficient to form a belief about the truth of the
2  allegations in Paragraph 18 and therefore denies Paragraph 18 in its entirety.

3      19.    Answering the allegations of Paragraph 19 of the Complaint, Defendant
4  lacks knowledge or information sufficient to form a belief about the truth of the
5  allegations in Paragraph 19 and therefore denies Paragraph 19 in its entirety.

6      20.    Answering the allegations of Paragraph 20 of the Complaint, Defendant
7  admits that Plaintiff's position relocated to San Diego, California in September of
8  2011. Except as specifically admitted, Defendant denies Paragraph 20 in its entirety.

9      21.    Answering the allegations of Paragraph 21 of the Complaint, Defendant
10 lacks knowledge or information sufficient to form a belief about the truth of the
11 allegations in Paragraph 21 and therefore denies Paragraph 21 in its entirety.

12     22.    Answering the allegations of Paragraph 22 of the Complaint, Defendant
13 lacks knowledge or information sufficient to form a belief about the truth of the
14 allegations in Paragraph 22 and therefore denies Paragraph 22 in its entirety.

15     23.    Answering the allegations of Paragraph 23 of the Complaint, the
16 allegations are legal conclusions and as such require no response. However, to the
17 extent a response is required, Defendant lacks knowledge or information sufficient to
18 form a belief about the truth of the allegations in Paragraph 23 and therefore denies
19 Paragraph 23 in its entirety.

20     24.    Answering the allegations of Paragraph 24 of the Complaint, Defendant
21 lacks knowledge or information sufficient to form a belief about the truth of the
22 allegations in Paragraph 24 and therefore denies Paragraph 24 in its entirety.

23     25.    Answering the allegations of Paragraph 25 of the Complaint, Defendant
24 lacks knowledge or information sufficient to form a belief about the truth of the
25 allegations in Paragraph 25 and therefore denies Paragraph 25 in its entirety.

26     26.    Answering the allegations of Paragraph 26 of the Complaint, Defendant
27 lacks knowledge or information sufficient to form a belief about the truth of the
28 allegations in Paragraph 26 and therefore denies Paragraph 26 in its entirety.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

27.     Answering the allegations of Paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies Paragraph 27 in its entirety.

28.     Answering the allegations of Paragraph 28 of the Complaint, the allegations pertain to a written document, which speaks for itself, and/or constitute legal conclusions, and as such require no response. However, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies Paragraph 28 in its entirety.

29.     Answering the allegations of Paragraph 29 of the Complaint, Defendant admits that it obtained legal counsel to assist with immigration matters pertaining to Plaintiff prior to 2013 and in 2009, 2011 and 2012.  Except as specifically admitted, Defendant denies Paragraph 29 in its entirety.

30.     Answering the allegations of Paragraph 30 of the Complaint, the allegations pertain to a written document, which speaks for itself, and as such require no response. However, to the extent a response is required, Defendant admits that it applied for an extension and that U.S. Citizenship and Immigration Services received such application on April 17, 2012.  Except as specifically admitted, Defendant denies Paragraph 30 in its entirety.

31.     Answering the allegations of Paragraph 31 of the Complaint, the allegations pertain to written documents, which speak for themselves, and as such require no response. However, to the extent a response is required, Defendant admits that the Labor Condition Application for Nonimmigrant Workers ("LCA") Defendant completed on or about March 30, 2012, listed an address in Mansfield, MA as "Place of Employment 1" and was amended by an LCA Defendant completed on or about July 25, 2012, listing an address in Chicopee, MA as "Place of Employment 1" and an address in San Diego, CA as "Place of Employment 2." Except as specifically admitted, Defendant denies Paragraph 31 in its entirety.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

32.     Answering the allegations of Paragraph 32 of the Complaint, the allegations pertain to written documents, which speak for themselves, and as such require no response. However, to the extent a response is required, Defendant admits that the LCA Defendant completed on or about March 30, 2012, listed the prevailing wage rate for Mansfield, MA as $76,253.00 and was amended by an LCA Defendant completed on or about July 25, 2012, listing the prevailing wage rate for Chicopee, MA as $65,936.00 and the prevailing wage rate for San Diego, CA as $71,510.00. Except as specifically admitted, Defendant denies Paragraph 32 in its entirety.

33.     Answering the allegations of Paragraph 33 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies Paragraph 33 in its entirety.

34.     Answering the allegations of Paragraph 34 of the Complaint, the allegations pertain to a written document, which speaks for itself, and as such require no response. However, to the extent a response is required, Defendant admits that U.S. Citizenship and Immigration Services issued an Approval Notice with a Receipt Date of April 17, 2012, reflecting that Plaintiff's H-1B visa was valid from September 1, 2012, to August 30, 2015. Except as specifically admitted, Defendant denies Paragraph 34 in its entirety.

35.     Answering the allegations of Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies Paragraph 35 in its entirety.

36.     Answering the allegations of Paragraph 36 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and therefore denies Paragraph 36 in its entirety.

37.     Answering the allegations of Paragraph 37 of the Complaint, Defendant admits that it completed an LCA on or about July 25, 2012, which speaks for itself

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

and lists an address in Chicopee, MA as "Place of Employment 1" and an address in San Diego, CA as "Place of Employment 2." Except as specifically admitted, Defendant denies Paragraph 37 in its entirety.

38. Answering the allegations of Paragraph 38 of the Complaint, Defendant admits that in September of 2012, Defendant issued Plaintiff a final written warning for, among other things, insubordination. Said final written warning is a written document, which speaks for itself. Defendant further admits that Plaintiff did not sign the final written warning. Except as specifically admitted, Defendant denies Paragraph 38 in its entirety.

39. Answering the allegations of Paragraph 39 of the Complaint, Defendant admits that Plaintiff was placed on a performance improvement plan. Except as specifically admitted, Defendant denies Paragraph 39 in its entirety.

40. Answering the allegations of Paragraph 40 of the Complaint, the allegations in this paragraph are unintelligible and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 40 in its entirety.

41. Answering the allegations of Paragraph 41 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 41 in its entirety.

42. Answering the allegations of Paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore denies Paragraph 42 in its entirety.

43. Answering the allegations of Paragraph 43 of the Complaint, Defendant admits Plaintiff's employment ended on or about February 19, 2013. Except as specifically admitted, Defendant denies Paragraph 43 in its entirety.

44. Answering the allegations of Paragraph 44 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and therefore denies Paragraph 44 in its entirety.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

45.     Answering the allegations of Paragraph 45 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 45 in its entirety.

### FIRST CLAIM FOR RELIEF

**(Against All Defendants for Breach of Contract –**

**Cal. Civil Code § 45, *et seq.*)**

46.     Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-45, above, as if set forth fully herein.

47.     Answering the allegations of Paragraph 47 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 47 in its entirety.

48.     Answering the allegations of Paragraph 48 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 48 in its entirety.

49.     Answering the allegations of Paragraph 49 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 49 in its entirety.

50.     Answering the allegations of Paragraph 50 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 50 in its entirety.

51.     Answering the allegations of Paragraph 51 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 51 in its entirety.

52.     Answering the allegations of Paragraph 52 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 52 in its entirety.

53.     Answering the allegations of Paragraph 53 of the Complaint, the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 53 in its entirety.

54. Answering the allegations of Paragraph 54 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 54 in its entirety.

## SECOND CLAIM FOR RELIEF

**(Against All Defendants Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C § 1962(c))**

55. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-54, above, as if set forth fully herein.

56. Answering the allegations of Paragraph 56 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 56 in its entirety.

57. Answering the allegations of Paragraph 57 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 57 in its entirety.

58. Answering the allegations of Paragraph 58 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 58 in its entirety.

59. Answering the allegations of Paragraph 59 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 59 in its entirety.

60. Answering the allegations of Paragraph 60 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 60 in its entirety.

61. Answering the allegations of Paragraph 61 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1 extent a response is required, Defendant denies Paragraph 61 in its entirety.

2      62.    Answering the allegations of Paragraph 62 of the Complaint, the
3 allegations are legal conclusions and as such require no response. However, to the
4 extent a response is required, Defendant denies Paragraph 62 in its entirety.

5      63.    Answering the allegations of Paragraph 63 of the Complaint, the
6 allegations are legal conclusions and as such require no response. However, to the
7 extent a response is required, Defendant denies Paragraph 63 in its entirety.

8      64.    Answering the allegations of Paragraph 64 of the Complaint, the
9 allegations are legal conclusions and as such require no response. However, to the
10 extent a response is required, Defendant admits that it is a for-profit company in the
11 medical industry and otherwise denies Paragraph 64 in its entirety.

12      65.    Answering the allegations of Paragraph 65 of the Complaint, the
13 allegations are legal conclusions and as such require no response. However, to the
14 extent a response is required, Defendant denies Paragraph 65 in its entirety.

15      66.    Answering the allegations of Paragraph 66 of the Complaint, the
16 allegations are legal conclusions and as such require no response. However, to the
17 extent a response is required, Defendant denies Paragraph 66 in its entirety.

18 ## THIRD CLAIM FOR RELIEF

19 **(Against All Defendants, Racketeer Influenced and Corrupt Organizations**
20 **Act, 18 U.S.C. § 1962(d))**

21      67.    Defendant restates, realleges, and incorporates by reference into this
22 paragraph each and every allegation contained in paragraphs 1-66, above, as if set
23 forth fully herein.

24      68.    Answering the allegations of Paragraph 68 of the Complaint, the
25 allegations are legal conclusions and as such require no response. However, to the
26 extent a response is required, Defendant denies Paragraph 68 in its entirety.

27      69.    Answering the allegations of Paragraph 69 of the Complaint, the
28 allegations are legal conclusions and as such require no response. However, to the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

extent a response is required, Defendant admits that it is a for-profit company in the medical industry and otherwise denies Paragraph 69 in its entirety.

70. Answering the allegations of Paragraph 70 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 70 in its entirety.

71. Answering the allegations of Paragraph 71 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 71 in its entirety.

## FOURTH CLAIM FOR RELIEF

### (Against All Defendants for Promissory Estoppel

### *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 891 (1976)))

72. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-71, above, as if set forth fully herein.

73. Answering the allegations of Paragraph 73 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 73 in its entirety.

74. Answering the allegations of Paragraph 74 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 74 in its entirety.

75. Answering the allegations of Paragraph 75 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 75 in its entirety.

76. Answering the allegations of Paragraph 76 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 76 in its entirety.

77. Answering the allegations of Paragraph 77 of the Complaint, the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 77 in its entirety.

## FIFTH CLAIM FOR RELIEF

### (Against All Defendants for California Whistleblower Protection Claim, California Labor Code § 1102.5(b))

78.     Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-77, above, as if set forth fully herein.

79.     Answering the allegations of Paragraph 79 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 79 in its entirety.

80.     Answering the allegations of Paragraph 80 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 80 in its entirety.

81.     Answering the allegations of Paragraph 81 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 81 in its entirety.

82.     Answering the allegations of Paragraph 82 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 82 in its entirety.

## SIXTH CLAIM FOR RELIEF

### (Against All Defendants for Intentional Infliction of Emotional Distress *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009))

83.     Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-82, above, as if set forth fully herein.

84.     Answering the allegations of Paragraph 84 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  extent a response is required, Defendant denies Paragraph 84 in its entirety.

2      85.    Answering the allegations of Paragraph 85 of the Complaint, the

3  allegations are legal conclusions and as such require no response. However, to the

4  extent a response is required, Defendant denies Paragraph 85 in its entirety.

5      86.    Answering the allegations of Paragraph 86 of the Complaint, the

6  allegations are legal conclusions and as such require no response. However, to the

7  extent a response is required, Defendant denies Paragraph 86 in its entirety.

8      87.    Answering the allegations of Paragraph 87 of the Complaint, the

9  allegations are legal conclusions and as such require no response. However, to the

10  extent a response is required, Defendant denies Paragraph 87 in its entirety.

11      88.    Answering the allegations of Paragraph 88 of the Complaint, the

12  allegations are legal conclusions and as such require no response. However, to the

13  extent a response is required, Defendant denies Paragraph 88 in its entirety.

14      89.    Answering the allegations of Paragraph 89 of the Complaint, the

15  allegations are legal conclusions and as such require no response. However, to the

16  extent a response is required, Defendant denies Paragraph 89 in its entirety.

17      90.    Answering the allegations of Paragraph 90 of the Complaint, the

18  allegations are legal conclusions and as such require no response. However, to the

19  extent a response is required, Defendant denies Paragraph 90 in its entirety.

## SEVENTH CLAIM FOR RELIEF

### (Against All Defendants for Negligent Infliction of Emotional Distress)

22      91.    Defendant restates, realleges, and incorporates by reference into this

23  paragraph each and every allegation contained in paragraphs 1-90, above, as if set

24  forth fully herein.

25      92.    Answering the allegations of Paragraph 92 of the Complaint, the

26  allegations are legal conclusions and as such require no response. However, to the

27  extent a response is required, Defendant denies Paragraph 92 in its entirety.

28      93.    Answering the allegations of Paragraph 93 of the Complaint, the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 93 in its entirety.

94. Answering the allegations of Paragraph 94 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 94 in its entirety.

95. Answering the allegations of Paragraph 95 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 95 in its entirety.

## EIGHTH CLAIM FOR RELIEF

### (Against All Defendants for Fraud,

### Cal. Civil Code §§ 1572, 1709, and 1710)

96. Defendant restates, realleges, and incorporates by reference into this paragraph each and every allegation contained in paragraphs 1-95, above, as if set forth fully herein.

97. Answering the allegations of Paragraph 97 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 97 in its entirety.

98. Answering the allegations of Paragraph 98 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 98 in its entirety.

99. Answering the allegations of Paragraph 99 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 99 in its entirety.

100. Answering the allegations of Paragraph 100 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the extent a response is required, Defendant denies Paragraph 100 in its entirety.

101. Answering the allegations of Paragraph 101 of the Complaint, the allegations are legal conclusions and as such require no response. However, to the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1   extent a response is required, Defendant denies Paragraph 101 in its entirety.

2       102.   Answering the allegations of Paragraph 102 of the Complaint, the

3   allegations are legal conclusions and as such require no response. However, to the

4   extent a response is required, Defendant denies Paragraph 102 in its entirety.

5       103.   Answering the allegations of Paragraph 103 of the Complaint, the

6   allegations are legal conclusions and as such require no response. However, to the

7   extent a response is required, Defendant denies Paragraph 103 in its entirety.

8       104.   Answering the allegations of Paragraph 104 of the Complaint, the

9   allegations are legal conclusions and as such require no response. However, to the

10  extent a response is required, Defendant denies Paragraph 104 in its entirety.

11      105.   Answering the allegations of Paragraph 105 of the Complaint, the

12  allegations are legal conclusions and as such require no response. However, to the

13  extent a response is required, Defendant denies Paragraph 105 in its entirety.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff, or about which it is accused, sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by the applicable statutes of limitations, including but not limited to those limitations set forth in Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 15 U.S.C. § 15b, and any other applicable statute of limitations.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered any emotional distress (Defendant denies that Plaintiff suffered any such distress), Plaintiff's emotional distress was proximately caused by factors other than Defendant, or the actions taken by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any emotional distress (Defendant denies that Plaintiff suffered any such distress), Plaintiff contributed to his distress and, by reason of his contribution, any remedy to which Plaintiff might otherwise be entitled must be denied or reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages for emotional distress are barred in that conduct by Defendant, if any, neither contravened any established public policy nor exceeded the inherent risks of employment.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any emotional distress as a result of any conduct undertaken by Defendant, or anyone acting on Defendant's behalf (and Defendant denies that Plaintiff suffered any such distress), any such distress was not severe.

## SEVENTH AFFIRMATIVE DEFENSE

The conduct of which Plaintiff complains was not extreme and/or outrageous.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to fulfill conditions precedent to become entitled to the compensation that Plaintiff seeks.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by the doctrine of unjust enrichment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee pursuant to Labor Code section 2922.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, is barred by the doctrines of accord and satisfaction.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant fully performed, satisfied, or discharged any obligations, promises, and/or duties (without admitting the existence of any duties, promises, or obligations) that Plaintiff claims are owed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in conduct amounting to an enterprise or in any purported predicate acts that amounted to a pattern of racketeering activity as alleged by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant did not cause, by way of an enterprise or a pattern of purported predicate acts, injury to Plaintiff, his business or his property, as alleged by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent an enterprise existed, Defendant had no part in directing the affairs of that enterprise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges Defendant was an enterprise as that term is defined under 18 U.S.C. § 1961, *et seq.*, Defendant has been improperly named as a defendant to this action.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and/or cannot present proof of facts sufficient to

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

support a cause of action for conspiracy under 18 U.S.C. § 1962(d).

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant made no representations of material fact to Plaintiff that were intentionally or knowingly false.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Defendant made any representations to Plaintiff, such representations were made in good faith, honestly, with reasonable care, and without ill will or malice.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Defendant made any representations to Plaintiff, Defendant did not intend for Plaintiff to rely on those representations and/or Plaintiff did not actually rely on said representations or, if he did, such reliance was not justified.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff claims punitive and/or exemplary damages and/or penalties, they are barred to the extent the provisions of California law allowing the award of such damages or penalties, and the substantive rules, procedures and standards for determining whether to award them, and, if so, in what amount, violate Defendant's right to due process and equal protection under the United States and California Constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to constitute a claim for punitive and/or exemplary damages and/or penalties under California Civil Code section 3294 in that Defendant committed no oppressive, fraudulent, and/or malicious acts, and neither authorized nor ratified any such acts.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege punitive and/or exemplary damages and/or penalties with requisite specificity.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times, Defendant has acted reasonably and in good faith based upon proper business judgment in light of all relevant facts and circumstances known by Defendant at the time it acted, if at all, therefore barring Plaintiff's recovery in this action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant acted, if at all, in accordance with its responsibilities under all applicable laws, and has not engaged in any intentional, reckless, willful malicious, outrageous, and/or negligent misconduct with respect to Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

If during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being either demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability and/or damages and shall reduce such claims as provided by law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant did not retaliate against Plaintiff for disclosing information to a government or law enforcement agency, or anyone else, or engaging in any other behavior protected by law.

## THIRTIETH AFFIRMATIVE DEFENSE

Any conduct of Defendant's managers and supervisors was protected by the managerial privilege and all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion and/or justified by legitimate and substantial business reasons.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any unlawful or other wrongful acts attributed to any person(s) employed by Defendant was outside the course and scope of the employment of the employee, and that such acts, if any, were not authorized, ratified or condoned by Defendant nor did

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1    Defendant know or have reason to be aware of such alleged conduct.

2                    **THIRTY-SECOND AFFIRMATIVE DEFENSE**

3          This Court lacks jurisdiction over the claims alleged in Plaintiff's Complaint in

4    that any claim for injuries to Plaintiff are barred to the extent they are or were

5    cognizable under the California Workers' Compensation Act [Cal. Lab. Code § 3200

6    et seq.] by reason of the exclusivity provisions of said statute in that: there was an

7    employer-employee relationship between Plaintiff and Defendant; the conduct of

8    Defendant and/or its agents as alleged in the Complaint was within the course and

9    scope of that employment relationship; and the purported injuries and damages of

10   Plaintiff, if any, arose out of that employment relationship and that alleged conduct.

11                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

12         Defendant does not presently know all facts respecting conduct by Plaintiff

13   sufficiently to state all affirmative defenses at this time.  Accordingly, Defendant

14   reserves the right to amend this answer should it later discover facts demonstrating the

15   existence of additional affirmative defenses.

16         WHEREFORE, having fully answered the Complaint, Defendant respectfully

17   requests that this Court:

18         1.      Dismiss the Complaint in its entirety;

19         2.      Deny each and every demand, claim and prayer for relief contained in the

20   Complaint;

21         3.      Award to Defendant its reasonable attorneys' fees, costs and expenses

22   incurred in defending this action recoverable under applicable law; and

23         4.      Grant such other and further relief as the Court may deem just and

24   proper.

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

20.

Dated:   December 2, 2016

s/ Denise M. Visconti
Denise M. Visconti
LITTLER MENDELSON, P.C.
Attorneys for Defendant
COVIDIEN LP

Firmwide:141614026.3 014245.2127

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441