UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashwin KHOBRAGADE,<br><br>                    Plaintiff,<br><br>v.<br><br>COVIDIEN LP,<br><br>                    Defendant. | Case No.: 16-cv-0468-WQH-AGS<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR A RULE 35 MENTAL EXAMINATION (ECF No. 26)** |

Defendant's motion for a Rule 35 mental examination (ECF No. 26) is granted. Plaintiff did not oppose the motion. Under Civil Local Rule 7.1.f.3.c, if a party fails to file an opposition, "that failure may constitute a consent to the granting of a motion." But even considering the merits of defendant's motion, the Court finds good cause to order the examination.

A court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a certified examiner." Fed. R. Civ. P. 35(a); *Nguyen v. Qualcomm Inc.*, No. 09-1925-MMA (WCG), 2013 WL 3353840, at *2 (S.D. Cal. July 3, 2013) ("The moving party has the burden to show that the condition for which examination is sought is 'in controversy' and there exists 'good cause' for the examination." (citation omitted)).

Plaintiff's mental condition is in controversy because plaintiff alleges severe emotional distress in his complaint. (*See, e.g.*, Pl.'s Compl., ECF No. 1, at ¶¶ 54, 63, 66,

1

77, 82, 86, 88, 90, 93, 94, 95, 105.) Defendant has shown good cause because it alleges that plaintiff had several episodes throughout his life suggesting he suffers from psychological issues, which strain the causal relationship between defendant's alleged conduct and plaintiff's alleged emotional distress. (*See* Pl.'s Dep., ECF No. 26-2, at 5-27.)

According to defendant, plaintiff objected because the examination would be performed by defendant's expert who, by plaintiff's standards, is not an "independent" medical examiner. (*See* ECF No. 26-1, at 9-10.) Rule 35 does not require that the examiner be uninterested: the proposed examiner need only be "suitably licensed or certified." *Redon v. Ruiz*, No. 13cv1765-WQH(KSC), 2015 WL 13238642, at *4 (S.D. Cal. Dec. 4, 2015). "Although the Court is not required to accept defendants' proposed examiner as the examining psychologist, only if plaintiff raises a valid objection will the Court appoint a different examiner." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) (citation omitted). Plaintiff has made no such showing, and in any event, plaintiff will have the opportunity to impeach the expert's opinions at trial with any evidence of bias.

Accordingly, the Court grants defendant's motion to compel a Rule 35 examination. To allow sufficient time to implement this order, the Court extends the deadline to supplement expert reports to April 20, 2018. All the other dates and provisions in the scheduling order (ECF No. 22) remain unchanged.

Dated: March 27, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge