FILED
JUN 04 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWIN KHOBRAGADE,<br><br>Plaintiff,<br><br>v.<br><br>COVIDIEN, LP,<br><br>Defendant. | Case No.: 16cv468-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

Plaintiff Ashwin Khobragade filed a Motion to Substitute Attorney (ECF No. 47) on May 30, 2018 and an Ex Parte Application to Enlarge Time to Respond to Summary Judgment Motion and Continue Hearing (ECF No. 48) on May 31, 2018. Plaintiff requests that the Court permit current counsel, William D. Bowen, to withdraw as counsel and allow Plaintiff to proceed pro se. (ECF No. 47). In a declaration submitted to the Court, Plaintiff states that conflicts arose between Mr. Bowen and Plaintiff and that Plaintiff is no longer working with Mr. Bowen. (ECF No. 48-2). In a declaration by William Bowen, Bowen states, "Plaintiff has terminated my representation based on conflicts between myself and him with respect to this litigation, and the attorney-client relationship has had an irretrievable breakdown. As such, I can no longer work with the Plaintiff, Mr. Ashwin Khobragrade, on this matter." (ECF No. 48-1 at 2). Plaintiff further requests that the Court grant a 28-day extension of the time for Plaintiff to file his response to the pending motion

for summary judgment. (ECF No. 48). Plaintiff asserts that he will need additional time to respond to the motion for summary judgment because he must now "locate or secure counsel to advise me on opposing this motion and/or oppose it as a pro se." (ECF No. 48-2 at 3).

On May 31, 2018, Defendant Covidien, LP filed a notice of intent to file an opposition to Plaintiff's ex parte application to enlarge time to respond to summary judgment motion and continue hearing. (ECF No. 49). On June 1, 2018, Defendant filed the opposition. (ECF No. 52). Defendant contends that Plaintiff's history of unjustified delay in this case warrants a denial of his ex parte application. Defendant contends that Plaintiff's decision to terminate his representation by counsel does not entitle him to more time to prepare an opposition to the motion for summary judgment that he has been aware of since at least May 18, 2018. Defendant asserts that an extension is not warranted by Plaintiff's efforts to secure new counsel because Plaintiff has been seeking new counsel for at least four months. Defendant contends that a 28-day extension is excessive in light of Plaintiff's failure to conduct discovery, the late filing of the request, and Plaintiff's relative sophistication and familiarity with the case. Defendant asserts that "to the extent this Court is inclined to provide Plaintiff ex parte relief and permit withdrawal of his counsel, Plaintiff should receive no more than an additional three court days to prepare his opposition." (ECF No. 52 at 9).

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). District courts ruling upon motions to withdraw as counsel have considered:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Irwin*, 2004 U.S. Dist. LEXIS 28264, at 4.

After reviewing the record and the reasons for withdrawal noted by Plaintiff and Plaintiff's current counsel, William Bowen, the Court concludes that there is good cause to allow Bowen to withdraw as counsel and allow Plaintiff to proceed pro se. The Court further concludes that the withdrawal will not prejudice other litigants, harm the administration of justice, or unreasonably delay resolution of the case. In light of the withdrawal of Plaintiff's counsel and Plaintiff's new pro se status, the Court also grants Plaintiff the requested 28-day extension of time to file an opposition to the pending motion for summary judgment. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) ("district courts have inherent power to control their dockets"); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (noting "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits").

IT IS HEREBY ORDERED that the motion to substitute attorney is granted. (ECF No 47). The Court permits William Bowen to withdraw as counsel and permits Plaintiff to proceed pro se. The Clerk of Court is directed to update the docket to reflect Plaintiff's pro se status and the address provided by Plaintiff on the motion to substitute attorney. (ECF No. 47). If Plaintiff obtains counsel at any point in this litigation, Plaintiff shall notify the Court within ten (10) days of obtaining counsel.

IT IS FURTHER ORDERED that the Ex Parte Application to Enlarge Time to Respond to Summary Judgment Motion and Continue Hearing is GRANTED (ECF No. 48). Any opposition to the motion for summary judgment shall be filed on or before July 2, 2018. Any reply shall be filed on or before July 9, 2018.

DATED: 6/4/18

WILLIAM Q. HAYES
United States District Judge