UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Ashwin KHOBRAGADE, | Case No.: 16-cv-0468-WQH-AGS |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO COMPEL AND ISSUE SUBPOENAS** |
| v. | |
| COVIDIEN LP, | |
| Defendant. | |

On August 28, 2018, Plaintiff filed two discovery motions. ECF Nos. 79, 81. The time period for conducting discovery in this case ended on April 30, 2018. ECF Nos. 22-24. As such, Plaintiff's discovery motions are untimely. While there are certain circumstances under which a party may obtain permission to reopen discovery, Plaintiff has not addressed either standard or provided any facts justifying reopening discovery at this time. See Fed. R. Civ. P. 16; Fed. R. Civ. P. 56; see also ECF No. 72 n.1 (order by Judge Hayes advising Plaintiff that any request to reopen discovery must be filed by motion).

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be

modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Rule 56(d) permits a court to defer or deny a motion for summary judgment or to allow a party to conduct additional discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56[d].[1]" Morgan v. Schmidt, 119 F.3d 6 (9th Cir. 1997) (noting that "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)" and finding that "[b]ecause Morgan did not comply with the requirements of Rule 56(f), the district court did not abuse its discretion by granting the CHP Officer's summary judgment motion" (citing Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986))); see also Suhovy v. Sara Lee Corp., No. 1:12-CV-01889-LJO-GSA, 2014 WL 1400824, at *2 (E.D. Cal. Apr. 10, 2014) (same). Indeed, a "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Suhovy, 2014 WL

---

[1] The provisions of subsection (f) of Rule 56 became current subsection (d) without substantial change during the 2010 Amendments of Rule 56. See Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist., No. 2:10-CV-290-DAE (BGM), 2016 WL 3613278, at *1 n.1 (D. Ariz. Feb. 22, 2016) ("Rule 56(d) was, until recently, Rule 56(f). While the number of the rule has been altered, the spirit of the rule remains unchanged." (citing Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 899 n. 7 (9th Cir. 2012) ("[F]ormer Rule 56(f) . . . is substantially the same as current Rule 56(d)."))).

1400824, at *2 (finding that counsel's declaration as to the need for further discovery did not satisfy the requirements of 56(d) which requires litigants to submit affidavits setting forth the particular facts expected from further discovery and that the failure "alone serves as sufficient basis for the Court to deny [plaintiff's] request for a continuance" (quoting Brae Transp., Inc., 790 F.2d at 1443)). In addition, "[f]ailing to diligently pursue discovery ... is sufficient reason to deny further discovery." Garza v. Chavez, No. LA CV 10-07658-VBF-MAN, 2014 WL 3572148, at *2-3 (C.D. Cal. July 18, 2014) (finding that pro se plaintiff's request to defer ruling on summary judgment motion so that he could conduct additional discovery that was made two days after filing his opposition brief, to be too late and noting that "the proper course of action was to file a much earlier request to push back the deadlines and defer ruling . . . pursuant to Fed. R. Civ. P. 56(d)" (quoting Long v. Playboy Enters. Int'l, Inc., 565 F. App'x 646, 648 (9th Cir. 2014)) (citing Rector v. N.Y. Bank of Mellon, No. LA CV 12-08587-VBF, 2014 WL 631955, at *5 (C.D. Cal. Feb. 14, 2014)).

Because Plaintiff has not moved to reopen discovery under either standard and because Plaintiff has not provided facts satisfying either standard, the Court **DENIES** Plaintiff's motions to compel discovery and for issuance of subpoenas. This denial is made without prejudice. If Plaintiff wants to file a motion to reopen discovery, he must do so by September 24, 2018. If Plaintiff files a motion to reopen discovery, Defendant's opposition must be filed by October 9, 2018.

**IT IS SO ORDERED.**

Dated: 9/11/2018

Hon. Barbara L. Major
United States Magistrate Judge