UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashwin KHOBRAGADE,<br><br>                         Plaintiff,<br><br>v.<br><br>COVIDIEN LP,<br><br>                        Defendant. | Case No.: 16-cv-0468-WQH-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY** |

"In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Plaintiff seeks to modify the current scheduling order and reopen discovery. (*See* ECF No. 89.) Defendant opposes, arguing that plaintiff has not been sufficiently diligent to justify a discovery extension. For the reasons set out in this order, plaintiff's request is **DENIED**.

The party seeking to modify a scheduling order must show "good cause." *See* Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "The district court may modify the pretrial schedule 'if

1

it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

On January 31, 2018, the Court set an April 30, 2018 discovery cutoff date. (*See* ECF No. 24.) On May 18, 2018, defendant filed a motion for summary judgment. (ECF No. 45.) The initial deadline for plaintiff to file his opposition was June 4, 2018. However, on June 4, 2018, the Court granted plaintiff's request for a 28-day extension to oppose defendant's motion in conjunction with its Order allowing plaintiff's counsel to withdraw and plaintiff to proceed pro se. (ECF No. 53.)

On June 29, 2018, the Court granted plaintiff's second request for an extension to file his opposition to defendant's motion, making his opposition due July 31, 2018. (ECF No. 56.) On July 26, 2018, plaintiff made his third request for another extension to file his opposition. (ECF No. 64.) In that request he mentioned, for the first time, the desire to conduct additional discovery. *Id*. On July 31, 2018, the Court granted plaintiff an additional 45-day extension for plaintiff to file his opposition, making his opposition due September 17, 2018, and informed him he must file a motion to reopen discovery. (ECF No. 72.) Thereafter, plaintiff's opposition deadline was further extended to October 8, 2018. (ECF No. 77.)

On September 21, 2018, plaintiff filed this motion to reopen discovery for ninety days. (ECF No. 89.) Plaintiff's reasons supporting his request are that he is a pro se litigant and that his prior counsel did not perform discovery prior to the discovery cutoff date. If plaintiff is dissatisfied with that representation, then his remedy is against his former counsel. *See Mitchell v. Goord*, No. 06-CV-6197CJS, 2011 WL 4747878, at *3 (W.D.N.Y. Oct. 5, 2011) ("Litigants are bound by the professional conduct of their attorney. Accordingly, a delay attributed to the actions of former counsel does not constitute good cause to amend." (alterations, citations, and quotation marks omitted)). Plaintiff has not demonstrated due diligence, both in conducting discovery before the summary judgment motion was made and in pursuing his motion to reopen discovery thereafter. Plaintiff cannot rely on his pro se status as an excuse for his lack of diligence in failing to even

2

attempt discovery until many months after the discovery cutoff date. *See Joe Hand Promotions, Inc. v. Kurti*, No. 14-CV-1277-LAB (DHB), 2015 WL 8484522, at *2 (S.D. Cal. Dec. 9, 2015) ("Defendants' pro se status does not permit the Court to ignore governing law requiring that a party demonstrate diligence in order to show good cause to modify a scheduling order."). Furthermore, since the withdrawal of his former counsel, plaintiff waited more than three months to request the reopening of discovery and waited nearly 60 days after this Court specifically told him he needed to file a motion before he did so.

Additionally, prejudice exists to the Defendant who as complied with the deadlines and filed its motion for summary judgment seeking a ruling from this Court based upon the evidence to date and done in reliance on the Court's set deadlines

Accordingly, the Court finds no good cause for plaintiff's motion to reopen discovery. Therefore Plaintiff's motion is DENIED.

Dated: October 4, 2018

_____
Magistrate Judge Stanley A. Boone