UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ashwin KHOBRAGADE,<br><br>         Plaintiff,<br><br>v.<br><br>COVIDIEN LP,<br><br>         Defendant. | Case No.: 16-cv-0468-WQH-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF No. 94)** |

On October 4, 2018, Magistrate Judge Stanley A. Boone issued an order denying plaintiff's motion to reopen discovery. (ECF No. 93.) Judge Boone concluded that plaintiff failed to demonstrate good cause for reopening discovery in that he had not conducted any discovery prior to the cutoff date and had waited nearly five months after the cutoff date before filing his motion to reopen. On October 9, 2018, plaintiff filed a motion to reconsider Judge Boone's Order. (ECF No. 94.) For the reasons below, the Court denies plaintiff's motion for reconsideration.

  Reconsideration is appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. AcandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Federal Rule of Civil Procedure Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

1

discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff relies on the sixth clause, which is the "catch-all" provision. *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (citing Rule 60(b)). Relief under clause six is available only in extraordinary circumstances, *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950)), and should be provided only "sparingly and as an equitable remedy to prevent manifest injustice." *Hamilton*, 374 F.3d at 825.

Further, under Local Rule 7.1(i), the district court will not entertain a motion for reconsideration unless "new or different facts are claimed to exist which did not exist, or were not shown, upon such prior application." Civ. L. R. 7.1(i)(1); *see Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (motion for reconsideration denied where movants "presented no arguments which the court had not already considered and rejected").

Plaintiff fails to demonstrate any extraordinary circumstance that would warrant relief from Judge Boone's order. Additionally, plaintiff fails to meet Local Rule 7.1's requirements because he fails to identify any new facts or circumstances warranting reconsideration. Instead, he simply reiterates the same arguments made in his earlier motion to reopen discovery (ECF No. 89). Plaintiff continues to claim that, due to his pro se status and inability to understand the law, he was unaware that discovery had not been performed. (ECF No. 94, at 10.) Further, plaintiff alleges he was unaware that he needed to file a motion to reopen discovery. (*Id.*)

While the Court is sympathetic to plaintiff's attempts to obtain new counsel and litigate the case on his own following the withdrawal of his former counsel, the Court agrees with Judge Boone's conclusion that plaintiff cannot rely on his pro se status as an excuse for his failure to propound his own discovery in this case. (ECF No. 93, at 2-3.) These are the same arguments raised in plaintiff's original motion to reopen discovery, and he fails to demonstrate any error or mistake in Judge Boone's Order that would warrant

2

reconsideration. Because plaintiff does not offer any new law or facts justifying reconsideration of Judge Boone's October 4, 2018 Order, his motion for reconsideration fails and is, therefore, denied.

Dated: October 12, 2018

_____
Magistrate Judge Marc L. Goldman