UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWIN KHOBRAGADE, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>COVIDIEN LP, a Delaware limited partnership,<br><br>                             Defendant. | Case No.: 16cv468<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion for Order Requiring Reconstruction of Electric Data (ECF No. 143) and the Motion for Reconsideration Via Motion to Alter or Amend Judgment (ECF No. 145) filed by Plaintiff Ashwin Khobragade.

## I.    PROCEDURAL BACKGROUND

    On February 19, 2016, Plaintiff initiated this action by filing the Complaint. (ECF No. 1). The Complaint includes claims against Defendant Covidien LP for breach of contract; violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c)–(d) based on extortion under § 1961(1), fraud in foreign labor contracting under 18 U.S.C. § 1351(a), and fraud and misuse of immigration documents under 18 U.S.C. § 1546; promissory estoppel; violation of the California Whistleblower

Protection Act (CWPA), Cal. Lab. Code § 1102.5; intentional infliction of emotional distress (IIED); negligent infliction of emotional distress (NIED); and fraud. Plaintiff proceeds pro se.

On May 18, 2018, Defendant filed a motion for summary judgment which was originally set for hearing on June 18, 2018. (ECF No. 45). The initial deadline for Plaintiff to file a response in opposition was June 4, 2018. On June 4, 2018, the Court issued an Order allowing Plaintiff's attorney to withdraw as counsel and allowing Plaintiff to proceed pro se. The Court further granted Plaintiff a twenty-eight-day extension of time to oppose Defendant's motion for summary judgment. (ECF No. 53).

On June 29, 2018, the Court granted (ECF No. 56) Plaintiff's second Motion to Enlarge Time (ECF No. 55) to oppose summary judgment, until July 31, 2018.

On July 31, 2018, the Court granted (ECF No. 72) Plaintiff's third request (ECF No. 64) to continue time to oppose summary judgment, until September 17, 2018.

On August 24, 2018, Defendant filed a Motion to Continue pretrial and summary judgment briefing dates, which Plaintiff opposed on the grounds that "it would be counterproductive for [Plaintiff] to prohibit any longer than the time available." (ECF Nos. 75–76).

On August 28, 2018, the Court granted the Motion to Continue, stating the opposition to summary judgment was due October 8, 2018. (ECF No. 77).

On September 21, 2018, Plaintiff filed a Motion to Reopen Discovery. (ECF No. 21). Discovery closed on April 30, 2018 following the Court's January 31, 2018 Order. (ECF No. 24).

On October 4, 2018, the Magistrate Judge denied the Motion to Reopen Discovery, stating that "Plaintiff has not demonstrated due diligence . . . in conducting discovery before the summary judgment motion was made and in pursuing his motion to reopen discovery thereafter"; that "prejudice exists to the Defendant who [h]as complied with the deadlines"; and that there was "no good cause for plaintiff's motion to reopen discovery." (ECF No. 93).

On October 9, 2018, Plaintiff filed a Motion to Reconsider reopening discovery. (ECF No. 94). On October 11, 2018, Defendant filed a Reply (ECF No. 95) in support of the Motion for Summary Judgment. On October 12, 2018, the Magistrate Judge denied the Motion to Reconsider, stating that Plaintiff "cannot rely on his pro se status as an excuse for his failure to propound his own discovery in this case . . . . [Plaintiff] fails to demonstrate any error[,] mistake[,] . . . new law or facts justifying reconsideration." (ECF No. 98).

On October 17, 2018, Plaintiff filed a second Motion to reconsider reopening discovery. (ECF No. 100). On October 18, 2018, the Magistrate Judge denied the second Motion to reconsider, stating, "Plaintiff presents no new evidence that would warrant reconsideration." (ECF No. 103).

On October 30, 2018, Plaintiff filed a Motion to Amend the Complaint. (ECF No. 108). On November 5, 2018, Plaintiff filed a fourth Motion to Extend Time to oppose summary judgment. (ECF No. 113). On November 20, 2018, the Court granted the fourth Motion to Extend Time to oppose summary judgment, until December 20, 2018. (ECF No. 118).

On November 9, 2018, Defendant filed a Response (ECF No. 116) in opposition to Plaintiff's Motion to Amend the Complaint. On November 26, 2018, Plaintiff filed a Reply (ECF No. 119) in support of his Motion to Amend the Complaint.

On December 14, 2018, Plaintiff filed a fifth Motion to Extend Time to oppose summary judgment. (ECF No. 120). On December 18, 2018, the Court granted the fifth Motion to Extend Time to oppose summary judgment, until January 17, 2019. (ECF No. 121). The Court stated that further extensions would not be considered "absent a substantive showing of good cause and excusable neglect." *Id.* at 4.

On December 26, 2018, Plaintiff filed an Ex Parte Motion for Sanctions, stating, "I suffered one temporary injury to my top of the eye and lower lip without any stitches in NJ. . . . My left shoulder had been injured in New York City, New York, while unconscious. . . . Someone while on the train came and hit the left temple of my head my shoulder very badly causing huge pain and discomfort 8/8/2018 while on train. . . . [O]n 12/13/2018 a

between 3:30am and 6:30am on train #725 on gold line towards union station, such as getting hurt in right shoulder in the month of November 2018." (ECF No. 122 at 8, 11–13).

On January 8, 2019, Defendant filed a Response (ECF No. 123) in opposition to Plaintiff's Motion for Sanctions.

On January 11, 2019, Plaintiff filed a sixth Motion to Extend Time to oppose summary judgment. (ECF No. 126).

On January 14, 2019, Defendant filed a Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 124).

On January 15, 2019, the Court denied the sixth Motion to Extend Time to oppose summary judgment, stating that "Plaintiff shall file any response in opposition to the Motion for Summary Judgment (ECF No. 45) on or before January 30, 2019." (ECF No. 127).

On January 18, 2019, Plaintiff filed a Response (ECF No. 128) in opposition to Defendant's Motion to Declare Plaintiff a Vexatious Litigant, and a Reply (ECF No. 129) in support of Plaintiff's Motion for Sanctions.

On January 24, 2019, Plaintiff filed a seventh Motion to Extend Time to oppose summary judgment. (ECF No. 131).

On January 25, 2019, Defendant filed a Reply (ECF No. 133) in support of the Motion to Declare Plaintiff a Vexatious Litigant.

On January 28, 2018, the Court denied the seventh Motion to Extend Time to oppose summary judgment, "find[ing] that Plaintiff has failed to demonstrate "excusable neglect," and stating, "The discovery matters Plaintiff raises have been addressed. There is no evidence that Plaintiff has been denied any discovery to which he was entitled. Plaintiff has had over seven additional months to prepare his opposition. The Court finds that further delay would result in prejudice to the Defendant and to the efficient administration of justice. . . . Plaintiff shall file any response in opposition to the Motion for Summary

4

Judgment (ECF No. 45) on or before January 30, 2019." (ECF No. 135). No response in opposition to the Motion for Summary Judgment was filed.

On February 15, 2019, the Court granted Defendant's Motion for Summary Judgment, denied Plaintiff's seventh Motion to Extend Time to oppose summary judgment, denied Plaintiff's Motion for Leave to Amend Complaint, denied Defendant's Motion for Sanctions, and denied Defendant's Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 140).

On February 19, 2019, the Clerk entered judgment in favor of Defendant and against Plaintiff. (ECF No. 141).

On March 1, 2019, Plaintiff filed a Motion for Order Requiring Reconstruction of Electric Data (ECF No. 143) and a Motion for Reconsideration to Alter or Amend Judgment (ECF No. 145).

On March 13, 2019, Defendant filed responses in opposition to the Motion for Order Requiring Reconstruction of Electric Data (ECF No. 149) and the Motion for Reconsideration Via Motion to Alter or Amend Judgment (ECF No. 150).

On March 11, 2019 and March 15, 2019, Plaintiff filed supplemental documents in support of his Motions. (ECF Nos. 148, 152, 154).

## II. MOTION FOR ORDER REQUIRING RECONSTRUCTION OF ELECTRIC DATA

Plaintiff seeks an order "requiring Defendant Covidien L[P] to reconstruct the [P]laintiff[']s electronic data . . . and . . . sanction[ing] the defendant for $857,000,000." (ECF No. 143 at 6). Plaintiff contends that he is entitled to such an order according to *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) because he had electronic data "with him until the order on motion for summary judgment" and it was "frozen or blocked and or corrupted or hacked rendering it without any data in the documents." *Id.* at 2, 5.

Defendant asserts, "Plaintiff's Motion is entirely unintelligible and clearly lacks any basis in law or fact." (ECF No. 149 at 2).

The excerpts of *Zubulake* cited by Plaintiff relate to discovery and sanctions for spoliation of evidence. The Court finds that Plaintiff does not set forth a legal basis upon which this Court can award the relief he seeks.

For the reasons the Court set forth in its February 15, 2019 Order, the record does not support an award of sanctions against Defendant. *See* ECF No. 40 at 32–35.

### III. MOTION FOR RECONSIDERATION VIA MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff contends that the grounds of newly discovered evidence, clear error, and manifest injustice support relief under Rule 59(e) because conduct by Defendant interfered with his ability to file a response in opposition to summary judgment. Plaintiff contends that there is mistake, inadvertence, surprise, or excusable neglect within the meaning of Rule 60(b)(1) because the Court did not provide notice of the deadline to file a response in opposition to summary judgment. Plaintiff contends that newly discovered evidence supports relief under Rule 60(b)(2) because Defendant hid evidence from him and he did not get a chance to present evidence regarding summary judgment. Plaintiff contends that fraud within the meaning of Rule 60(b)(3) entitles him to relief because conduct by Defendant interfered with his ability to respond in opposition to summary judgment. Plaintiff contends that relief is justified under Rule 60(b)(6) because Plaintiff conduct by Defendant interfered with his ability to respond in opposition to summary judgment. Plaintiff contends he is entitled to relief under Rule 50, Rule 56, "And Or . . . According to the other rules of Federal Rule of Civil Procedure and or by mandatory case law and or by persuading case law." (ECF No. 145 at 45).

Defendant contends that Plaintiff is not entitled to relief under Rule 59(e) or 60(b) because he demonstrates no new facts, circumstances, or law, as required by the rules.

Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court may alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision

that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy to be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (quotation omitted).

Rule 60(b) states,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b). "The party seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992).

In this case, the Court concludes that the record does not support a finding that any of the grounds for granting a Rule 59(e) motion are present. There are not "highly unusual circumstances" present to justify the "extraordinary remedy" of relief under Rule 59(e). *See McDowell*, 197 F.3d at 1255. The Court further concludes that the record does not

support a finding that any of the grounds for granting a Rule 60(b) motion are present. The record reflects several occasions on which Plaintiff was notified of the deadline to respond in opposition to summary judgment. The record reflects several opportunities for Plaintiff to respond in opposition to summary judgment. The record does not support a finding of fraud within the meaning of Rule 60(b)(3). Plaintiff has not shown "'extraordinary circumstances' justifying the reopening of a final judgment." *See Wood*, 759 F.3d at 1120.

A notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "Federal Rule of Appellate Procedure 4(a)(4)(A) tolls the deadline to file a notice of appeal upon the timely filing of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, such that the time to appeal—here, 30 days—runs 'from the entry of the order disposing of the last such remaining motion.'" *Demaree v. Pederson*, 887 F.3d 870, 875 (9th Cir. 2018); *see also Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("A motion pursuant to Fed. R. Civ. P. 59 . . . extends the time for appeal. . . . A motion pursuant to Fed. R. Civ. P. 60 does not."), *abrogated on other grounds by Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997) *as stated by Middleton v. Guaranteed Rate, Inc.*, 684 F. App'x 674, 675 (9th Cir. 2017) ("The filing of the second motion for reconsideration did not toll the time to appeal the underlying judgment.").

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Order Requiring Reconstruction of Electric Data filed by Plaintiff Ashwin Khobragade (ECF No. 143) is DENIED.

IT IS FURTHER ORDERED that the Motion for Reconsideration Via Motion to Alter or Amend Judgment filed by Plaintiff Ashwin Khobragade (ECF No. 145) is DENIED.

Dated: April 2, 2019

Hon. William Q. Hayes
United States District Court